SCHWARZ PAPER COMPANY, A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 27725, 27726.   Filed January 10, 1955.

*Roger V. Dickeson, Esq.,* and *Earl Cline, Esq.,* for the petitioner.
*David Karsted, Esq.,* for the respondent.

610

OPINION.

BLACK, *Judge:* In the instant case petitioner claims refunds of excess profits taxes paid for 4 years. These years are 1942, 1943, 1944, and 1945. The amounts of refunds which petitioner claims for each of the years in question have been stated in our preliminary statement.

In its returns for the years 1942 to 1945, inclusive, petitioner computed its excess profits credits under the invested capital method. Its excess profits credits as so computed for the respective taxable years were as follows:

| Year | Amount |
|------|--------|
| 1942 | $7,760.99 |
| 1943 | 7,198.48 |
| 1944 | 7,751.69 |
| 1945 | 8,609.02 |

These excess profits credits were considerably in excess of those which petitioner would have received had it based its excess profits credit on its average base period net income.

The petitioner contends, however, that its business was depressed during the base period years by the prolonged drought which prevailed over its trade area; that because of such depression its base period earnings are not an adequate measure of its normal earnings; that the drought was of sufficient severity and duration to constitute a "qualifying factor" under the provisions of section 722 (b) (1) or 722 (b) (2), or both; and that its base period earnings should be reconstructed so as to give effect to the prolonged drought.

As noted both by the regulations and decisions of this Court, the reconstruction of normal earnings must be related to the causative force which would make a tax computed without the benefit of section 722 excessive and discriminatory. Regulations 112, section 35.722–2 (b), provides, in part, as follows:

(b) *Rules for determination.*—The determination of the constructive average base period net income must depend in each instance upon the facts and circumstances presented by the taxpayer and upon the provisions of section 722 forming the basis of the taxpayer's contention that its excess profits tax is excessive and discriminatory, * * *

In its brief petitioner argues for several methods of reconstruction based upon evidence in the record and asserts that after a study and consideration of these reconstructions we should find that its constructive average base period net income was not less than $15,000.

Respondent argues first of all that petitioner is not entitled to any relief under section 722 because petitioner has not met its burden of proof to show that the prolonged drought which prevailed in its territory constituted a qualifying factor under the provisions of section 722. Respondent, in his brief, also states:

If, however, the Court, contrary to respondent's position, should hold that such burden of proof has been met, it is further submitted that any reconstruction of petitioner's base period earnings will not exceed its credit based on invested capital.

As to respondent's contention that petitioner has not met its burden of proof to show a qualifying factor for relief under section 722, that question has been decided against respondent's contention in *S. N. Wolbach Sons, Inc.*, 22 T. C. 152. The evidence in the instant case on the issue that the prolonged drought constituted a qualifying factor for relief, we think, is as strong as it was in the *Wolbach* case. In

fact, these proceedings were heard in conjunction with *S. N. Wolbach Sons, Inc.*, and it was stipulated that the evidence as to the drought and its effect on business in each proceeding would be accepted as evidence in both. Following *S. N. Wolbach Sons, Inc.*, we hold in favor of petitioner on the issue of its establishment of grounds for relief under section 722.

However, it is not sufficient for petitioner merely to prove grounds for relief. It must go further and show facts which will be sufficient to establish a constructive average base period net income which, when used in a computation of its excess profits tax credit, will result in a lesser tax than by computing the credit by the use of the invested capital method. In *Farmers Creamery Co. of Fredericksburg, Va.*, 18 T. C. 241, we said:

> Although petitioner was entitled to compute its excess profits tax credits on the basis of earnings during the base period, it chose instead to compute its credits on the basis of its invested capital during the taxable years, because the invested capital method resulted in considerably higher credits. In such circumstances, to be entitled to relief under section 722, the taxpayer must show that, based on constructive earnings during the base period, it is entitled to credits even higher than its invested capital credits. [Citing numerous cases.] * * *

Has petitioner met its burden of proof to show a constructive average base period net income which will entitle it to a larger credit than it has received by use of a credit based on invested capital? We do not think it has met its burden of proof. There is much evidence in the record consisting of exhibits and oral testimony bearing upon this question of petitioner's constructive average base period net income. From this evidence petitioner argues for several methods of reconstruction which it designates as A, B, C, D, E, F, G, and H. The constructive average base period net incomes arrived at by petitioner by the use of these respective methods are as follows:

| Method | Constructive average base period net income | Method | Constructive average base period net income |
|--------|---------------------------------------------|--------|---------------------------------------------|
| A | $14,680.80 | E | $12,884.69 |
| B | 15,342.09 | F | 24,725.10 |
| C | 15,020.79 | G | 16,853.88 |
| D | 14,339.74 | H | 13,331.37 |

Manifestly, it would make this opinion much too long to undertake a detailed discussion of petitioner's respective methods of reconstruction. It is sufficient to say that we think each of these methods results in a constructive average base period net income which is too high to represent normal earnings. Based on these reconstructions, we think petitioner's contention that we should find a constructive average base period net income of at least $15,000 is altogether unrealistic. It would be entirely out of line with any of its past earning experience.

We are, therefore, unable to accept as correct any one of the computations urged by petitioner, even the smallest one of $12,884.69.

Respondent, on his part, claims that under no reconstruction justified by the evidence in the record is petitioner entitled to a constructive average base period net income greater than $6,253 and that this amount would result in no relief to petitioner because it would be less than the excess profits credits which petitioner has already received under the invested capital method.

We think, when all the facts are considered, there is strong support for respondent's contention that no reasonable reconstruction would yield petitioner a constructive average base period net income greater than $6,253. Certainly, when we consider petitioner's sales and earning experience over the period of years extending from 1922 to the beginning of the base period years, we are well convinced that no reasonable reconstruction will yield a figure of constructive average base period net income higher than $7,000. It seems to us that would be the outside limit. Therefore, we conclude that even with an adjustment of petitioner's gross sales to the highest point justified by the evidence, and a computation of net profits in any manner compatible with its actual experience, the reconstructed average base period net income would not result in an excess profits credit as great as that allowed to petitioner under the invested capital method.

We conclude, therefore, that there was no error in respondent's disallowance of petitioner's claim for relief under section 722. Cf. *Sartor Jewelry Co.*, 22 T. C. 773.

Reviewed by the Special Division.

*Decisions will be entered for the respondent.*